Dear Executive Director Kirkpatrick,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Do Sections 6 through 8 of Senate Bill 466 (2001 Okla. Sess.Laws ch. 400, §§ 6 — 8, effective November 1, 2001, amending 59O.S. Supp. 2000, §§ 353.1, 353.13, 353.24) allow wholesalers ordistributors of veterinary prescription drugs to dispense suchdrugs directly to a veterinarian's client?
 I. Introduction
¶ 1 Your question relates to dispensing veterinary prescription drugs. We addressed this issue earlier in Attorney General Opinion 01-21, and in part stated that a feed store or wholesale distributor may not sell or ship a veterinary prescription drug directly to a client. Id. at 105. You ask what effect, if any, this recent legislation has on the questions addressed in that Opinion.
¶ 2 In A.G. Opin. 01-21, we answered:
 1. Only a pharmacist or veterinarian may lawfully fill and dispense a prescription, or an order, for a veterinary prescription drug which falls within the Pharmacy Act's definitions of "dangerous drug," "legend drug" or "prescription drug." 59 O.S. Supp. 2000, §§ 355, 355.1(A), 353.18(A); OAC 535:15-3-11(a) (1996).
. . . .
 4. Neither a drug wholesaler nor a feed or farm store is authorized to sell a veterinary prescription drug directly to the public. 59 O.S. Supp. 2000, §§ 353.1(15), 355.1(A), 353.24(4); OAC 530:20-7-1 — 20-7-9 (1996).
Id. at 105.
¶ 3 Senate Bill 466 becomes effective on November 1, 2001. This bill changes the law relating to the distribution, i.e. the sale, of veterinary prescription drugs.
 II. Senate Bill 466 Amendments
¶ 4 In general, the State law which governs dispensing drugs, whether human or animal, is the Oklahoma Pharmacy Act, 59 O.S.1991 Supp. 2000, §§ 355 — 366 ("Pharmacy Act"). Senate Bill 466 amended the Pharmacy Act's definition of "wholesaler" or "distributor" as follows:
 "Wholesaler" or "Distributor" means a person engaged in the business of distributing dangerous drugs or medicines at wholesale to pharmacies, hospitals, practitioners, government agencies, or other lawful drug outlets permitted to sell or use drugs or medicines, or as authorized in subsection G of Section 353.13 of this title[.]
2001 Okla. Sess. Laws ch. 400 § 6(15) (amending 59 O.S. Supp.2000, § 353.1[59-353.1](15)). Senate Bill 466, § 7(G) added Section 353.13(G) as follows:
 Nothing in the Oklahoma Pharmacy Act shall prevent veterinary prescription drugs from being shipped directly from a wholesaler or distributor to a client; provided, such drugs may be dispensed only on prescription of a licensed veterinarian and only when an existing veterinary-client-patient relationship exists.
2001 Okla. Sess. Laws ch. 400 § 7(G) (amending 59 O.S. Supp.2000, § 353.13[59-353.13]). Also, Senate Bill 466 amended Section 353.24 as follows:
It shall be unlawful for any person, firm or corporation to:
. . . .
 4. Enter into any arrangement whereby prescription orders are received, or prescriptions delivered at a place other than the pharmacy in which they are compounded and dispensed. However, nothing in this paragraph shall prevent a pharmacist or his employee from personally receiving a prescription or delivering a legally filled prescription at a residence, office or place of employment of the patient for whom the prescription was written. Nothing in this paragraph shall prevent veterinary prescription drugs from being shipped directly from a wholesaler or distributor to a client; provided, such drugs may be dispensed only on prescription of a licensed veterinarian and only when an existing veterinary-client-patient relationship exists[.]
2001 Okla. Sess. Laws ch. 400 § 8 (amending 59 O.S. Supp. 2000,§ 353.24[59-353.24]). These amendments modify Oklahoma law by authorizing a "wholesaler" or "distributor" of veterinary prescription drugs to ship the veterinary prescription drugs directly to a client.[1] These amendments do not change or modify the requirement that veterinary prescription drugs must be prescribed by a veterinarian pursuant to a valid veterinary-client-patient relationship.[2]
 III. Federal Law Does Not Prohibit A Wholesaler Or Distributor From Shipping A Veterinary Prescription Drug Directly To A Client
¶ 5 The Sixth Circuit addressed the issues of prescribing and dispensing veterinary prescription drugs in the case of UnitedStates v. Colahan, 811 F.2d 287 (6th Cir. 1987). There, the Sixth Circuit made it clear that under federal law a veterinarian must issue a prescription or order for a veterinary prescription drug. Id. at 294. However, if allowed by a particular state law, that prescription or order could be filled by a non-pharmacist. Id.
¶ 6 The appellants in Colahan argued that in21 C.F.R. § 201.105(a)(1), the use of the phrase "prescription or other order of a licensed veterinarian" allowed greater flexibility in the distribution of veterinary prescription drugs than human prescription drugs. Calahan, 811 F.2d at 293. However that greater flexibility was limited. The Court stated that the phrase "order of a licensed veterinarian" was used "so as not to interfere with the practice, legal in several states, for food stores, animal health stores, and other outlets who do not employ pharmacists to sell restricted drugs on veterinarians' orders."Id. at 294. The Court went on to explain that "the difference between prescription and order was intended to accommodate the difference between pharmacist and nonpharmacist vendors and not to indicate a relaxation in the manner in which the veterinarian's order could be communicated." Id. (citation omitted).
¶ 7 Accordingly, with the new amendments in the Pharmacy Act as provided for in Senate Bill 466, a "wholesaler" or "distributor," as those terms are defined by Section 6(15) of Senate Bill 466, may sell a veterinary prescription drug directly to a veterinarian's client, provided such drugs are dispensed only on a valid prescription of the licensed veterinarian. 2001 Okla. Sess. Laws ch. 400 § 6(15) (amending 59 O.S. Supp. 2000, §353.1[59-353.1](15)). A feed store is not a "wholesaler" or "distributor" unless it is "engaged in the business of distributing dangerous drugs or medicines at wholesale to pharmacies, hospitals, practitioners, government agencies, or other lawful drug outlets permitted to sell or use drugs or medicines." Id.
¶ 8 It is, therefore, the official Opinion of the Attorney General that:
1. Senate Bill 466 allows a veterinary drug "wholesaler" or"distributor," as those terms are defined by Section 6(15) ofSenate Bill 466, to sell veterinary prescription drugs directlyto a veterinarian's client, provided such drugs are dispensedonly on prescription of the licensed veterinarian and only whenan existing veterinary-client-patient relationship exists.2001 Okla. Sess. Laws ch. 400 §§ 6 — 8 (amending 59 O.S. Supp. 2000,§§ 353.1, 353.13, 353.24).
 2. Attorney General Opinion 01-21 accurately reflects the lawuntil November 1, 2001.
 3. On November 1, 2001, the amendments of Senate Bill 466 takeeffect. Consequently, after November 1, 2001, a pharmacist orveterinarian may lawfully fill and dispense a prescription or anorder for a veterinary prescription drug which falls within thePharmacy Act's definitions of "dangerous drug," legend drug"or "prescription drug." 59 O.S. Supp. 2000, §§ 355,355.1(A), 353.18(A); OAC 535:15-3-11(a) (1996). A licensedveterinarian, however, may not dispense a prescription drug to anindividual without a valid veterinarian-client-patientrelationship. 59 O.S. Supp. 2000, § 355.1; OAC775:10-5-30(f)(3) (2000). As of November 1, 2001, a drug"wholesaler" or "distributor," as those terms are defined bySection 6 of Senate Bill 466, may sell a veterinary prescriptiondrug directly to a veterinarian's client, provided such drugs aredispensed only on prescription of the licensed veterinarian.2001 Okla. Sess. Laws ch. 400 § 6(15) (amending 59 O.S. Supp. 2000,§ 353.1(15)). A feed store is not a "wholesaler" or"distributor" unless it is "engaged in the business ofdistributing dangerous drugs or medicines at wholesale topharmacies, hospitals, practitioners, government agencies, orother lawful drug outlets permitted to sell or use drugs ormedicines." Id.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT — SMITH ASSISTANT ATTORNEY GENERAL
[1] Oklahoma Administrative Rules describe the manner in which controlled dangerous substances and veterinary prescription drugs may be dispensed. Such drugs may be dispensed only on "order" or "written order" of a veterinarian and only when an existing veterinary-client-patient relationship exists. OAC 775:25-1-3(a), (c), (d) (2000). The Rules further provide that such drugs for use in food, or for administration to a food or commercial animal, may be shipped directly from the wholesaler to the client provided certain labeling conditions are met. OAC 775:25-1-3(d) (2000).
[2] A "veterinarian-client-patient relationship" is defined at59 O.S. Supp. 2000, § 698.2[59-698.2](10) as:
 a. [T]he licensed veterinarian has assumed the responsibility for making medical judgments regarding the health of an animal or animals and the need for medical treatment, and the client, owner or other caretaker has agreed to follow the instructions of the licensed veterinarian; and
 b. there is sufficient knowledge of the animal or animals by the licensed veterinarian to initiate at least a general or preliminary diagnosis of the medical condition of the animal or animals in that:
 (1) the licensed veterinarian has recently seen or is personally acquainted with the keeping and care of the animal or animals, or
 (2) by medically necessary and timely visits to the premises where the animal or animals are kept or both, and
 c. the licensed veterinarian is readily available for follow-up in case of adverse reactions or failure of the regimen of therapy, or has arranged for emergency medical coverage, and
 d. would conform to applicable federal law and regulations[.]
Id.